UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EMILIO ZEPEDA, Individually and for Others Similarly Situated, | Case No. 4:19-cv-73 |
| v. | Jury Trial Demanded |
| CCL CONTRACTS CONSULTANCY, INC. | |

# COMPLAINT

## SUMMARY

1. CCL Contracts Consultancy, Inc. (CCL) staffs out workers to its clients.

2. But neither CCL (nor its clients) insure these workers are paid in accordance with the FLSA.

3. Instead, CCL (and its clients) suffers or permits these workers to work more than 40 hours in a week without paying them overtime.

4. CCL owes these workers, including Emilio Zepeda, unpaid overtime for every hour they have worked in excess of 40.

5. Zepeda brings this collective action to recover the unpaid overtime wages owed to himself and the other workers like him.

## JURISDICTION AND VENUE

6. Because this case arises under a federal statute, this Court has original subject matter jurisdiction. *See* 28 U.S.C. § 1331 & 29 U.S.C. § 216(b).

7. CCL's headquarters for its operations in the United States is located in this District and Division (http://www.cclglobal.com/offices).

1

8. Many of the events giving rise to this action occurred in the Southern District of Texas, Houston Division. For example, Zepeda worked, and was paid, by CCL in this Division.

## PARTIES

9. Emilio Zepeda is an employee of CCL. He has worked for CCL as a NACE Coating Inspector since June 5, 2018.

10. CCL pays Zepeda on an hourly basis (and not on a salary basis).

11. CCL pays Zepeda at that same hourly rate, without any overtime premium, for all hours in excess of 40 in a workweek.

12. Zepeda's consent is attached.

13. CCL is a privately-held Texas corporation that provides recruiting and staffing services in the oil & gas industry within North and South America.

14. CCL employed Zepeda under an Employment Agreement.

15. CCL admitted Zepeda was its employee to (among others) the IRS.

16. CCL can be served through its registered agent for service of process, Chris Maltby, 11200 Richmond Ave., Suite 430, Houston, TX 77082.

## FACTS

17. CCL is a staffing company.

18. CCL is part of an enterprise consisting of more than one entity.

19. CCL provides recruitment and staffing services for, among others, the energy industry "across Upstream, Midstream, Downstream, Power, Petrochem, LNG, Maritime, Renewables and Engineering / Infrastructure."[1]

---

[1] http://www.cclglobal.com/

20. CCL's employees use goods and/or materials that were produced for commerce including, but not limited to, computers, telephones, and tools.

21. Upon information and belief, in each of the past three years, CCL's revenues have far exceeded $1,000,000.

22. CCL pays its "Consultants," including Zepeda, the same hourly rate for all the hours they worked, including those in excess of 40 in a workweek.

23. Zepeda's Employment Agreement with CCL provides:

> 3. **Salary**
>
> Consultants Compensation for this assignment will be at the fixed rate of **US$31.00 (Thirty One U.S. Dollars and zero cents)** per hour on a W2 basis for every hour worked.

24. CCL purports to pay its "Consultants" a "salary" of $455 per calendar week on a "guaranteed basis."

> 3.1 **Guaranteed Payment**
>
> Consultant is entitled to a guaranteed weekly salary of $455 per calendar week which equals **14.7 hours** of work in a calendar work week at the fixed standard hourly rate outlined in section 3.

25. However, the amount CCL purports to "guarantee" bears no "reasonable relationship . . . between the guaranteed amount and the amount actually earned," as required by 29 C.F.R. § 604(b).

26. For example, for the workweeks 8/20/18 – 9/2/18, Zepeda worked at least 55 hours each week, which at his hourly rate means that he actually earned at least $1,705 for each of those two workweeks.

27. His alleged "salary" of $455 (based on just 14.7 hours) bears no reasonable relationship to $1,705. *See* 29 C.F.R. § 541.604(b).

28.     As recently as November 8, 2018, the Department of Labor confirmed that CCL's payment plan does *not comply* with the FLSA's salary basis requirement.

https://www.dol.gov/whd/opinion/FLSA/2018/2018_11_08_25_FLSA.pdf

29.     Thus, Zepeda and other Consultants paid like him are not paid on a "salary basis" required for exemption under 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 541.

30.     All Consultants employed by CCL pursuant to the same pay plan of straight time for all hours worked are similarly situated to Zepeda.

31.     CCL's Consultants, including Zepeda, reported their hours to CCL each week.

32.     CCL's records show the number of hours Zepeda and the other Consultants worked each week.

33.     CCL's records demonstrate its Consultants, including Zepeda, worked well in excess of 40 hours in many workweeks.

34.     But CCL did not pay Zepeda or the other Consultants paid like him time and a half for hours worked in excess of 40 in a week.

35.     CCL paid its Consultants, including Zepeda, straight time for all hours worked despite knowing the overtime requirements of the FLSA.

36.     CCL did not have a good faith basis for believing its "straight time" for all hours worked scheme complied with the FLSA.

37.     Since at least 2004, the "reasonable relationship" test has been an excess part of the FLSA's salary basis requirement. *See* 29 C.F.R. § 541.604.

38.     Even before that, the law was clear that "masquerading an hourly employee's compensation as a guaranteed salary plus [hourly pay] does not transform the compensation scheme into a salary-based plan." *See, e.g., Brock v. Claridge Hotel and Casino*, 846 F.2d 180 (3d Cir. 1988).

39. And paying a non-salaried employee "straight time" for all hours worked is not an "objectively reasonable" interpretation of the FLSA's overtime requirements. *See, e.g.,* 29 U.S.C. § 207(a) (overtime must be paid at time and a half).

40. CCL's calculated effort to avoid the requirements of the FLSA is, in fact, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

41. Over the past 3 years, CCL has employed many Consultants like Zepeda who received straight time for all hours worked.

42. CCL paid its Consultants the same hourly rate for the all the hours they worked, including those in excess of 40 in a workweek.

43. CCL paid its Consultants according to the same "straight time" for all hours worked policy that it paid Zepeda.

44. Because they were subject to the same illegal pay practice, the Consultants are similarly situated to Zepeda.

45. The collective action "class" is properly defined as:

> **All Consultants employed by CCL paid at "straight time" rates for all hours worked including those in excess of 40 in a workweek in the past 3 years.**

### CAUSE OF ACTION

46. Zepeda incorporates the preceding paragraphs by reference.

47. By failing to pay its Consultants, including Zepeda, overtime at 1 and ½ times their regular rate, CCL violated the FLSA's overtime provisions.

48. CCL owes its Consultants, including Zepeda, the difference between the straight-time rates actually paid and the proper overtime rate.

49. Because CCL knew, or showed reckless disregard for whether, its pay practices violated the FLSA, CCL owes these wages for at least the past three years.

50. CCL owes its Consultants, including Zepeda, an amount equal to all unpaid overtime wages as liquidated damages.

51. CCL's Consultants, including Zepeda, are entitled to recover reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

52. Zepeda demands a jury trial on all issues so triable.

## PRAYER

Zepeda prays for relief as follows:

1. An Order certifying this case as a collective action and authorizing notice to all similarly situated Consultants;

2. Judgment awarding the Consultants, including Zepeda, all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief to which Zepeda may show himself and the Consultants to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFFS**

| | |
|---|---|
| IN RE: OVERTIME ACTION<br><br>**CCL Contracts Consultancy** | COLLECTIVE ACTION<br><br>**NOTICE OF CONSENT** |

I consent to be a party plaintiff in an action to collect unpaid wages. I agree to be bound by the Professional Services Agreement with Bruckner Burch PLLC.

*/s/ Emilio Zepeda*
(DocuSigned: CB524FE8B182496)

Signature

**Emilio Zepeda**

Printed Name