UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EMILIO ZEPEDA, Individually and for Others Similarly Situated,<br><br>v.<br><br>CCL CONTRACTS CONSULTANCY, INC. | Case No. 4:19-cv-00073 |

**UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE AND FOR FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE**

Emilio Zepeda ("Zepeda") files this Unopposed Motion for Approval of Settlement Agreement and Release and for Final Judgment and Dismissal with Prejudice ("Motion") and in support would show as follows:

**I.   INTRODUCTION AND BACKGROUND**

   **A.   THE ALLEGATIONS**

On January 9, 2019, Zepeda filed this collective action lawsuit (the "Lawsuit") against CCL Contracts Consultancy, Inc. ("CCL") alleging CCL misclassified him and a putative collective of CCL workers as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq. See* Doc. No. 1.

CCL denies Zepeda's allegations in the Lawsuit and asserted affirmative and other defenses, including that Zepeda and those alleged to be similarly situated were properly classified as exempt pursuant to the executive, administrative, and learned professional exemptions, their highly-compensated-employee versions, and potentially other exemptions, all under the FLSA. *See* Doc. No. 9 at Affirmative Defense No. 3. CCL further argued that it acted in good faith with respect to its practices and denied that any violation of the FLSA was willful or that any collective of similarly situated employees existed. *Id.* at Affirmative Defense Nos. 2, 4, 8.

In May 2019, the Parties stipulated to conditional certification and a notice process. *See* Doc. No. 12. After the notice process was completed, the Parties negotiated with respect to a settlement resolving this Lawsuit and all claims asserted herein.

While CCL still denies liability, the Parties determined that avoiding the expenditure of resources attendant to litigation was in the Parties' best interests and agreed to attempt to resolve this matter. Prior to reaching an agreement, the Parties exchanged informal written discovery, interviewed witnesses, and investigated the business practices at issue. These efforts provided the Parties with great insight as to the potential liability and the range of recovery at issue. These efforts, coupled with each Party's thorough preparation and familiarity with the facts surrounding the allegations, allowed the Parties to intelligently, and in good faith, weigh both the risks and benefits of continued litigation.

As a result, CCL and the Settlement Class Members have agreed to the Confidential Settlement Agreement and Release ("Agreement"), a complete copy of which is filed under seal as Exhibit 1.[1]

**B.   SETTLEMENT**

The Parties worked diligently to agree upon the terms of the Agreement. Zepeda now seeks Court approval of the Agreement, which, if approved by the Court, will resolve this matter in its entirety, including all claims asserted in the Lawsuit by all participating plaintiffs (the "Settlement Class Members").

---

[1] The Parties submit that, without confidentiality of the amounts in and the scope of the Agreement, there is an increased likelihood that CCL would be exposed to further litigation (on claims that it denies), thus depriving CCL of a benefit which was the basis for the settlement bargain. In addition, the publication of the Settlement Agreement is potentially harmful to CCL's ongoing operations and its competitiveness in the marketplace. There is also a public interest in confidentiality in that it encourages and facilitates settlement negotiations and the voluntary resolution of disputes, thereby preserving the resources of the Court. Because all relevant information will be provided to any party with a potential interest in the settlement, no potential claimant is disadvantaged by such confidentiality. As there is no prejudice arising from in camera review, but great prejudice should such review be denied, filing under seal and *in camera* review should be permitted.

The Court should approve the Agreement because it is a fair compromise of *bona fide* disputes concerning, among other things, whether CCL properly paid the Settlement Class Members. Indeed, over the life of this Lawsuit, the Parties informally exchanged extensive information and documents relating to CCL's pay practices, investigated the supporting facts, and thoroughly studied the legal principles applicable to the claims and defenses asserted. Based upon Class Counsel's investigation, legal evaluation, and assessment of the contested legal and factual issues involved in this Lawsuit, including Class Counsel's understanding of the uncertainties of litigation and the relative benefits conferred by the Agreement upon the Settlement Class Members, Class Counsel concluded this settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members.

As shown in this Motion, the proposed settlement is the result of arm's-length negotiations, conducted by experienced counsel for all Parties, after formally and informally exchanging information, and engaging in substantial negotiations over many months. Because the terms of the Agreement are reasonable and fair to the Parties, Zepeda asks the Court to approve the Agreement and dismiss this case with prejudice so the Parties may implement and administer the settlement.

## II.    **SETTLEMENT TERMS**

As set forth in the attached Agreement, the Parties reached a settlement to which CCL, Class Counsel, and Zepeda, on his own behalf and as authorized representative of each of the other Settlement Class Members, have agreed.

Each Settlement Class Member's Settlement Payment was calculated based upon records of the class member's compensation and weeks of service during the relevant time. This means a Settlement Class Member will be eligible to receive a pro rata Settlement Payment based upon the alleged compensation owed for alleged overtime worked during the relevant period.  Checks for the Settlement Payments will be distributed by Class Counsel to the Settlement Class Members within forty-five (45) days of the Court's approval of the settlement.

In exchange for the Settlement Payment, the Settlement Class Members have agreed to release the Released Parties (as defined in the Agreement) from all wage-related claims asserted or that could have been asserted in this Lawsuit. The individual Settlement Payments shall constitute payment in full compromise and settlement of all Released Claims, including claims for unpaid compensation, unpaid wages or overtime wages, unpaid or miscalculated bonus payments, misclassification, liquidated or other damages, unpaid costs, penalties, premium pay, attorneys' fees, litigation costs, restitution, or other compensation or relief.

The Settlement Payments shall be paid from the Net Settlement Amount, which is equal to the Gross Settlement Amount minus the fees payable under the Agreement to Class Counsel, costs payable under the Agreement to Class Counsel, and the service award payable under the Agreement to Zepeda. The amount associated with any check for a Settlement Payment that is not negotiated by a Settlement Class Member shall remain with CCL.

## II.     **ARGUMENT**

Zepeda now seeks Court approval of the Agreement. The Agreement represents a fair compromise of a *bona fide* dispute concerning the legality of CCL's compensation practices with respect to the Settlement Class Members.

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee … affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Villeda v. Landry's Rests., Inc.,* No. H–08–2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1353 (11th Cir. 1982)). "If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Villeda,* 2009 WL 3233405, at *1 (quoting *Lynn's,* 679 F.2d at 1354). When a court

scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provisions. *See Lynn's Food Stores*, 679 F.2d at 1355.

### A.   BONA FIDE DISPUTES EXISTED

Congress recognized that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts that endangered national health and efficiency and the free movement of goods in interstate commerce. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07, (1945).[2] Due to this unequal bargaining power, Courts must ensure that a settlement agreement resolving an FLSA claim is the product of a *bona fide* dispute.

Here, the Parties fiercely contested the claims and defenses asserted in the Lawsuit. Zepeda alleged CCL misclassified him and other similarly situated workers as exempt and failed to pay them overtime. CCL argued that Zepeda and all others were properly paid for all work that they performed. Further, Zepeda argued that he and those falling within the conditionally certified collective were similarly situated in the terms of relevant job duties and compensation practices, regardless of the length of time or location worked for CCL, while CCL maintained that Zepada was not similarly situated to those who consented to join the lawsuit and that their claims should be tried independently of one another.

The Parties further disagreed on whether Zepeda could satisfy his burden to demonstrate CCL acted willfully, which in turn affects whether he could recover compensation for 2 years or 3 years. *See*

---

[2]   *Brooklyn Savings Bank*, 324 U.S. at 707 (requiring Court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel); *see also Evans v. Jeff D.*, 475 U.S. 717, 726–27 (1986) (in deciding whether the proposed settlement reflects a "reasonable compromise" of a bona fide dispute, the Court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement).

29 U.S.C. § 255. Zepeda also contends that CCL would not be able to meet its burden to prove that it acted in good faith, which would implicate the amount, if any, of liquidated damages. *See* 29 U.S.C. § 260. CCL maintained it acted in good faith, and not willfully, so that damages (if any) should not include liquidated damages and could be recovered only for a two-year period.

As such, the current settlement before the Court is the result of a *bona fide* and contested dispute where serious questions of law and fact exist that place the ultimate outcome of the litigation in doubt. Without the Parties' willingness to engage in settlement discussions, this case would have not been resolved.

### B. FAIR AND REASONABLE SETTLEMENT

In determining whether the settlement is fair and reasonable, the Court should note "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, 2010 WL 1688793, at *1 (M.D. La. 2010). "[T]hat th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

Here, the Agreement was negotiated by attorneys who have been vigorously prosecuting and defending similar claims for many years. Both sides have considerable experience in prosecuting, defending, and settling federal and state wage-and-hour claims, and in this case were particularly well informed as to the facts and circumstances of the Lawsuit. *Austin v. Pa. Dep't of Corrs.*, 876 F.Supp. 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659, 667 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.,* 604 F. Supp. 446, 452 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

Class Counsel's forty percent contingency fee is also fair and reasonable. The Fifth Circuit recognizes a contingency fee is desirable because it is predictable, encourages settlement, and reduces incentives for protracted litigation. *Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 643-44 (5th Cir. 2012). In FLSA cases such as this, the "customary contingency" in the Fifth Circuit is within the range of 35% to 40%. See Vela v. City of Houston, 276 F.3d 659, 681 (5th Cir. 2001). Further, Zepeda and the Settlement Class Members are being represented pursuant to a fee agreement calling for a 40% fee. As numerous courts have noted, this is a reasonable fee in FLSA litigation such as this. *Daniels v. Prod. Mgmt. Indus., LLC*, No. 6:15-CV-02567, 2018 WL 1954352, at *4 (W.D. La. Apr. 20, 2018), adopted, 2018 WL 2107798 (W.D. La. May 3, 2018).

After the Parties reached an agreement in principle—following months of negotiation—the Parties engaged in further negotiations concerning the specific terms of the settlement and the scope of the Agreement. Indeed, it cannot be gainsaid that the settlement documents ultimately approved and executed by the Parties are the result of very comprehensive discussions, as well as exhaustive and hard-fought negotiations. Further, it is important to note that Zepeda, the named plaintiff, on his own behalf and as authorized representative of each of the Settlement Class Members, deems this settlement fair and reasonable. It is important to note that the Agreement the Parties now present to the Court for approval is the result of a careful balance that both sides—despite their serious disputes over the facts and applicable law—have agreed to. *See Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem North Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) ("[T]he court cannot modify the bargained-for terms of the [class-action] settlement agreement.").

### III. <u>CONCLUSION</u>

The Parties believe that the terms and conditions of the Agreement are fair, reasonable, adequate, and in the best interests of all Parties. As noted above, this proposed Agreement was reached following the exchange of information and data and after extensive negotiations. Because of the various defenses asserted by CCL and the possibility that CCL may have successfully defeated or limited some or all of the Settlement Class Members' claims, including those claims related to willfulness, liquidated damages, and compensation for unpaid overtime, the Parties believe that the settlement represents a fair compromise of a *bona fide* dispute. Moreover, given the strong likelihood that absent a settlement this case would have proceeded to trial, a compromise of the claims prevents all Parties from incurring the additional costs and delay associated with trial and possible appeal.

Zepeda hereby requests that the Court: (1) approve this settlement, including all of the terms set forth in the Agreement; (2) allow the Agreement and all related documents to be filed under seal; (3) direct the Parties to implement and complete the Settlement Payment process outlined in the Agreement; and (4) enter final judgment and dismiss this action with prejudice.

Respectfully submitted,

By: */s/ Rex Burch*
    Richard J. (Rex) Burch
    Fed Id. 21615
    State Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **COUNSEL FOR PLAINTIFFS**

## **CERTIFICATE OF CONFERENCE**

I conferred with Counsel for CCL about this motion, the exhibits attached, and the relief sought. CCL is unopposed to this motion and the relief sought.

/s/ Rex Burch
Richard J. (Rex) Burch

## **CERTIFICATE OF SERVICE**

I submitted this document to the Clerk of Court using the ECF system for filing.

/s/ Rex Burch
Richard J. (Rex) Burch